456                             SUFFOLK.

Ryder & others *v.* Hall & another.    Gardner *v.* Maynard.

### Marshall D. Gardner *vs.* Joseph W. Maynard.

The drawer of a protested draft, which has been taken up by the indorser and returned to him with the indorsement uncancelled, has no right to put it in circulation again; and the acceptor is not liable upon it to a subsequent holder.

Contract against the acceptor of a draft for $1000, drawn by Sanford C. Gardner, in favor of J. & C. Levy & Co., upon the defendant.   The draft was duly indorsed and accepted.

At the trial in the superior court, before *Allen*, C. J., it appeared that the draft was protested for non-payment, and returned to Levy & Co., and was afterwards returned to the drawer, who assigned it by bill of sale to the plaintiff, with the indorsement of Levy & Co. remaining uncancelled. A witness testified that he saw the draft indorsed by one of the firm of Levy & Co., and did not see any money paid at that time.

Upon these facts, the chief justice directed a verdict for the defendant, which was accordingly rendered; and the plaintiff alleged exceptions.

*J. H. Butler*, for the plaintiff.

*J. S. Abbott*, for the defendant.

METCALF, J. These exceptions must be overruled and judgment rendered on the verdict for the defendant, upon the authority of *Beck* v. *Robley*, 1 H. Bl. 89, *n.* That case and this are alike in all particulars. In both, the bill was made payable, not to the drawer's own order, but to a third party who indorsed it, was accepted by the drawee, but afterwards was dishonored by his refusing to pay it, and was taken up from the indorser by the drawer, with the indorser's name remaining uncancelled. In that case it was decided that the bill was not negotiable, and that the drawer could not reissue it. And that decision has never been overruled or denied, but is cited as established law in all the books that treat of bills of exchange. See 1 Steph. N. P. 863. Story on Bills, § 223. *Guild* v. *Eager*, 17 Mass. 615. Opinion of Patteson, J., in *Williams* v. *James*, 15 Ad. & El. (N. S.) 505. The doctrine of that decision is, that a bill of exchange cannot be indorsed or negotiated, after it has once been paid, if such indorsement or negotiation would make any of the parties liable, who would otherwise be discharged. Bayley on Bills, (6th ed.) 166, 167. Chit. Bills, (12th Amer. ed.) 254, 255. As the first indorser of a bill is liable to every subsequent *bona fide* holder, although the bill be fraudulently circulated, it follows that if he leaves his name thereon, after he is entitled to a discharge, he exposes himself to liability to such holder. Therefore the bill is held not to be negotiable, in such case.

This rule of law applies only to cases in which the negotiation

of a bill by the drawer, after he has taken it up on its being returned to him dishonored, would expose a discharged party to a new liability. See *Callow* v. *Lawrence,* 3 M. & S. 95; *Hubbard* v. *Jackson,* 4 Bing. 390; Bayley, Chit. and 17 Mass. *ubi supra; Mead* v. *Small,* 2 Greenl. 207.

*Exceptions overruled.*